UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RODNEY EMIL,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:02-cv-00311-MMD-WGC

ORDER

## I.   INTRODUCTION

In this habeas corpus action, the respondents have filed an answer (dkt. no. 69), responding to each of the claims in the third amended habeas corpus petition (dkt. no. 49) of the petitioner, Rodney Emil.  The answer raises procedural issues, concerning the applicable statute of limitations and alleged procedural defaults, and also responds to Emil's claims on their merits.  Emil has, in turn, replied (dkt. no. 78).

The Court will deny all the claims in Emil's third amended petition, as all his claims are barred by the statute of limitations or the procedural default doctrine, or both. The Court will deny Emil a certificate of appealability. The Court will direct the Clerk of the Court to enter judgment accordingly.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Emil was charged together with Todd Leavitt (Leavitt) for the murder of [Ross] Tolley (victim).  The State adduced evidence that Emil was present when the victim was bludgeoned with a hammer and conflicting evidence that either Emil shot the victim to death or that Emil was present when Leavitt shot the victim to death.  Emil's defense was that he was not

1  present in the State of Nevada when the murder occurred. The jury
   rejected Emil's alibi and found Emil guilty of first degree murder.

2

3  Order Dismissing Appeal, Respondents' Exhibit 4, p. 1.[1]

4  The judgment of conviction, for murder with the use of a deadly weapon, was

5  entered on February 9, 1988, in Nevada's Eighth Judicial District Court, in Clark County,

6  Nevada. Judgment of Conviction, Petitioner's Exhibit 26. Emil was sentenced to life in

7  prison without the possibility of parole, for the murder, and a consecutive sentence of

8  life in prison without the possibility of parole, for use of the deadly weapon. Id.

9  The Nevada Supreme Court dismissed Emil's direct appeal on April 25, 1989.

10  Order Dismissing Appeal, Respondents' Exhibit 4.

11  On March 14, 1990, Emil filed a post-conviction petition for writ of habeas corpus

12  in the state district court. Petition for Post-Conviction Relief, Respondents' Exhibits 5

13  (petition), 6 (amended petition). The state district court denied that petition on

14  December 18, 1990. Findings of Fact, Conclusions of Law and Order Denying Post-

15  Conviction Relief, Respondents' Exhibit 7. Emil appealed, and the Nevada Supreme

16  Court dismissed the appeal on September 30, 1991. Order Dismissing Appeal,

17  Respondents' Exhibit 8.

18  On November 8, 1991, Emil initiated a federal habeas action, *Emil v. Procunier*,

19  Case Number CV-S-91-0872-LDG-RJJ. *See* Petition for Writ of Habeas Corpus,

20  Respondents' Exhibit 9. That action apparently was dismissed without prejudice, as

21  Emil's claims were not fully exhausted. *See* Answer (dkt. no. 69), pp. 5-6.

22  In April 1997, Emil, initially acting *pro se*, initiated this federal habeas corpus

23  action, which was at that time designated case number CV-N-97-0245-DWH. *See*

24  Petition for Writ of Habeas Corpus, Respondents' Exhibit 10. On November 12, 1998,

25

26  _____
   [1]In this order the exhibits identified as respondents' exhibits are those filed by
   respondents on November 14, 2011, in support of their answer, and found in the record
27  at dkt. no. 70. The exhibits identified as petitioner's exhibits are those filed by petitioner
   on January 27, 2011, in support of his third amended habeas petition, and found in the
28  record at dkt. no. 49.

2

1 | after counsel was appointed to represent Emil, Emil filed an amended habeas petition.
2 | *See* Amended Petition for Writ of Habeas Corpus, Respondents' Exhibit 11; *see also*
3 | dkt. nos. 43, 46 in case number CV-N-97-0245-DWH. On May 10, 1999, the court
4 | granted Emil's motion to hold his case in abeyance pending exhaustion of claims in
5 | state court, and the case was therefore stayed. Order entered May 10, 1999,
6 | Respondents' Exhibit 12.

7 | On July 8, 1999, Emil initiated a second state-court post-conviction habeas
8 | corpus action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13. In an
9 | order entered February 3, 2000, the state district court denied that petition on
10 | procedural grounds, as untimely under NRS 34.726, and as improperly successive
11 | under NRS 34.810. *See* Findings of Fact, Conclusions of Law and Order, Respondents'
12 | Exhibit 14. Emil appealed, and the Nevada Supreme Court affirmed on December 4,
13 | 2001. *See* Order of Affirmance, Respondents' Exhibit 16.

14 | On March 13, 2002, Emil filed a motion to lift the stay in this case (dkt. no. 51 in
15 | case no. CV-N-97-0245-DWH). The court granted that motion, and lifted the stay on
16 | May 31, 2002 (dkt. no. 1). The case was then assigned a new case number, the current
17 | case number for the case, 3:02-cv-00311-MMD-WGC. On July 5, 2002, Emil filed a
18 | new petition under the new case number (dkt. no. 2).

19 | On August 2, 2002, Emil filed a motion requesting that this case be held in
20 | abeyance pending the conclusion of discovery proceedings in another federal habeas
21 | corpus action brought by Emil, case number CV-N-00-0654-DWH, in which Emil
22 | challenges a separate Nevada conviction and his death sentence on that conviction
23 | (dkt. no. 3). The respondents filed a notice of non-opposition (dkt. no. 5), and on
24 | December 6, 2002, the court granted Emil's motion, and stayed this case pending
25 | completion of discovery proceedings in case number CV-N-00-0654-DWH (dkt. no. 6).
26 | On December 23, 2004, the court entered a minute order noting that discovery
27 | proceedings had been completed in case number CV-N-00-0654-DWH, and ordering
28 | ///

1  Emil to file an amended petition (dkt. no. 18). On December 20, 2005, Emil filed an
2  amended habeas petition (dkt. no. 26).

3       On May 26, 2006, upon a stipulation of the parties, the action was again stayed
4  to allow Emil to further exhaust claims in state court (dkt. no. 31).

5       On July 10, 2006, Emil filed a third post-conviction petition for writ of habeas
6  corpus in state court. Petition for Writ of Habeas Corpus, Respondents' Exhibit 25. The
7  state district court denied the petition on procedural grounds. Emil appealed, and the
8  Nevada Supreme Court affirmed on September 24, 2009. Order of Affirmance,
9  Respondents' Exhibit 26 (and Petitioner's Exhibit A).

10       The stay of this case was then lifted (dkt. no. 46), and on January 27, 2011, Emil
11  filed his third amended petition for writ of habeas corpus (dkt. no. 49),[2] which is now the
12  operative petition in this case. Respondents filed their answer on November 14, 2011
13  (dkt. no. 69). Emil filed his reply on March 28, 2012 (dkt. no. 78).

14  **III.**    **STATUTE OF LIMITATIONS**

15       **A.**    **Application of the Statute of Limitations, Generally**

16       In their answer, respondents assert that many of the claims in Emil's third
17  amended petition are barred by the applicable statute of limitations. *See* Answer (dkt.
18  no. 69), pp. 42-47.

19       Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
20  there is a one-year statute of limitations applicable to federal habeas corpus petitions.
21  The statute provides:

22          (d)(1) A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State
23          court. The limitation period shall run from the latest of –

24

25         [2]Emil filed his original petition in April 1997, and subsequent amended petitions
    on November 12, 1998; July 5, 2002; December 20, 2005; and January 27, 2011. The
26  January 27, 2011, petition, therefore, might more accurately be considered a fourth
    amended petition. However, the Court refers to it in this order, as Emil's counsel does,
27  consistent with the title in the caption on the petition, as Emil's third amended petition.
    The Court refers to Emil's prior amended petitions by reference to the dates on which
28  they were filed.

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

For convictions that became final prior to the enactment of the AEDPA, such as Emil's, the petitioner had until April 24, 1997, to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The habeas petitioner is entitled to statutory tolling of the limitations period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA limitations period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Emil initiated this action just days before the limitations period ran out. The court received his *pro se* petition on April 29, 1997, five days after expiration of the limitations period. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10; *see also* dkt. no. 8 in case number CV-N-97-0245-DWH. However, the petition was apparently signed by Emil on April 22, 1997, and respondents do not challenge Emil's claim that he delivered it to prison authorities for mailing on that date. *See id.*; *see also* Answer, pp. 42-43. Therefore, the Court treats the original petition in this action as having been

5

1    timely filed, two (2) days before expiration of the one-year limitations period. *See*
2    *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222
3    (9th Cir.2001)("Under the 'prison mailbox rule' of *Houston v. Lack* … a prisoner's federal
4    habeas petition is deemed filed when he hands it over to prison authorities for mailing to
5    the district court.").

6         The AEDPA limitations period is not tolled during the pendency of the federal
7    habeas corpus action itself. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("We hold
8    that an application for federal habeas corpus review ... did not toll the limitations period
9    during the pendency of ... [the] federal habeas petition.").

10        Emil did not amend his original petition in this action until November 12, 1998.
11   *See* Amended Petition for Writ of Habeas Corpus, Respondents' Exhibit 11; *see also*
12   dkt. nos. 43, 46 in case number CV-N-97-0245-DWH. Without some sort of tolling,
13   Emil's November 12, 1998, amended petition; his July 5, 2002, amended petition; his
14   December 20, 2005, amended petition; and his January 27, 2011, third amended
15   petition were all filed after expiration of the AEDPA limitations period.

16        A habeas petition "may be amended ... as provided in the rules of procedure
17   applicable to civil actions." 28 U.S.C. § 2242.  Under Federal Rule of Civil Procedure
18   15, amendments made after the statute of limitations has expired relate back to the date
19   of the original pleading if "the claim ... asserted in the amended pleading arose out of
20   the conduct, transaction, or occurrence set forth or attempted to be set forth in the
21   original pleading." Fed. R. Civ. Pro. 15(c) (2).  Applying Rule 15(c) in the habeas
22   context, the Supreme Court, in *Mayle v. Felix*, 545 U.S. 644 (2005), held that new
23   claims brought in an amended habeas petition relate back to the filing of a previous
24   petition, for purposes of the AEDPA statute of limitations, only if the amended and
25   original claims arise out of a common core of operative facts.  *Mayle*, 545 U.S. at 659,
26   664. "An amended habeas petition ... does not relate back (and thereby escape
27   AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts
28   that differ in both time and type from those the original pleading set forth." *Id*. at 650;

1   *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir.2013) (observing that the

2   "time and type" language in *Mayle* refers not to grounds for relief but to facts supporting

3   habeas claims).

4        Therefore, absent tolling, the claims asserted in Emil's third amended petition are

5   barred by the statute of limitations unless they relate back, individually, under Federal

6   Rule of Civil Procedure 15(c) and *Mayle*, to claims in Emil's April 1997 petition.

7        Emil argues that he is entitled to equitable tolling.  He argues, in this regard, that

8   he was misled by Ninth Circuit precedent regarding the application of Federal Rule of

9   Civil Procedure 15(c) in habeas cases.  Reply (dkt. no. 78), pp. 28-30.  The Ninth Circuit

10   precedent that Emil alleges was misleading is the Ninth Circuit Court of Appeals'

11   decision in the *Mayle* case itself:  *Felix v. Mayle*, 379 F.3d 612 (9th Cir.2004), reversed

12   in *Mayle v. Felix*, 545 U.S. 644 (2005).  Emil argues that "[u]nder the Ninth Circuit test

13   set forth in *Mayle*, Emil was entitled to expect that the claims he diligently pursued and

14   prepared in his First Amended Petition would relate back to his *pro per* petition,

15   because these additional claims involved the same 'transaction or occurrence' as that

16   set forth in the original petition – Emil's conviction and sentence."  Reply, p. 29.  But that

17   argument is plainly without merit; the Ninth Circuit Court of Appeals did not decide *Felix*

18   *v. Mayle* until August 9, 2004, some seven (7) years after the expiration of the

19   limitations period applicable to Emil's federal habeas petition. To the extent that Emil

20   points to non-habeas precedent in the Ninth Circuit, and claims he was misled by that

21   (*see* Reply, p. 28), his argument is not compelling.  Emil cites no authority holding that

22   such precedent misled habeas petitioners with respect to the operation of the AEDPA

23   statute of limitations, such that equitable tolling is warranted.

24        Emil also argues that he is entitled to equitable tolling on account of this Court's

25   scheduling orders, or on account of the respondents' adherence to and litigation under

26   those scheduling orders (*see* Reply, pp. 25-30).  That argument is also without merit.

27   Emil has not pointed to anything in any order of this Court suggesting that claims filed

28   after the expiration of the AEDPA limitations period would be considered timely.

1
2

      **B.**    **Application of the Statute of Limitations to Emil's Individual Claims**

          **1.**    **Claim 1**

3
4
5
6

In Claim 1 of his third amended habeas petition, Emil claims that his federal constitutional rights were violated "because the jury foreman presided while unfit for jury service," in that "a motion to revoke his probation hung over his head throughout the trial." Third Amended Petition (dkt. no. 49), p. 5.

7
8
9
10

The Court finds that this claim and Ground 3 in Emil's timely-filed 1997 habeas petition arise from a common core of operative facts. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10, Ground 3. Claim 1, therefore, relates back to the filing of the 1997 petition, and is not barred by the statute of limitations.

11

          **2.**    **Claim 2**

12
13
14
15
16

In Claim 2, Emil claims that his federal constitutional rights were violated when the trial court "instructed the jury on the state's theory of aiding and abetting," because "[t]he trial court allowed the state to argue that theory even though the state failed to provide any pre-trial notice of prosecution for aiding and abetting." Third Amended Petition, p. 7.

17
18
19
20

Respondents concede, and the Court finds, that this claim and Ground 1 in Emil's timely-filed 1997 habeas petition arise from a common core of operative facts. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10, Ground 1. Claim 2, therefore, is not barred by the statute of limitations.

21

          **3.**    **Claim 3**

22
23
24
25

In Claim 3, Emil claims that his federal constitutional rights were violated because the prosecution, in violation of the rules of *Napue v. Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972), "instructed Joseph Henslick to testify falsely and provided benefits for that testimony." Third Amended Petition, p. 11.

26
27
28

The Court finds that this claim and Ground 2 in Emil's timely-filed 1997 habeas petition arise from a common core of operative facts – the assertion that Emil's conviction, in whole or in part, depended upon perjured testimony of Joseph Henslick.

8

1   *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10, Ground 2.  Claim 3,
2   therefore, is not barred by the statute of limitations.

3   **4.      Claim 4**

4        In Claim 4, Emil claims that his federal constitutional rights were violated
5   because his trial counsel rendered ineffective assistance "when he neglected Mr. Emil's
6   case prior to trial and refused to ask appropriate and productive questions during trial."
7   Third Amended Petition, p. 17.  There are seven subclaims in Claim 4:  (1) that counsel
8   "refused to examine witnesses on topics Mr. Emil suggested" (*id.* at 17); (2) that counsel
9   "refused questions about the orange truck" (*id.*); (3) that counsel "refused to develop a
10  description of Bobby Little's gun" (*id.* at 19); (4) that counsel "refused to object to
11  testimony from Ken Bono" (*id.* at 20); (5) that counsel "refused to object to hearsay
12  testimony from Terry Bono" (*id.* at 21); (6) that counsel "refused to cross-examine Victor
13  Gramrosa for bias" (*id.* at 22); and (7) that counsel "refused to collect Lefevre's jail
14  records prior to trial" (*id.* at 23).

15       In his 1997 petition, Emil did include, as Ground 4, a claim of ineffective
16  assistance of trial counsel. *See* Petition for Writ of Habeas Corpus, Respondents'
17  Exhibit 10, Ground 4.  However, for the most part, that claim simply asserted a legal
18  theory; Emil pled little in the way of operative facts to support it.  *See id.*

19       The one specific factual allegation that Emil made in Ground 4 of the 1997
20  petition is as follows:

21           … Emil requested trial counsel file a Motion to Suppress as to the
            testimony of Kenneth Bono pursuant to a *Messiah* issue. Trial counsel
22          failed to file this meritorious issue.

23  *Id.*  This Court reads the reference to "Messiah" as a reference to *Massiah v. United*
24  *States*, 377 U.S. 201 (1964), in which the Supreme Court held that a defendant's Sixth
25  Amendment right to counsel is violated when the government introduces statements
26  deliberately elicited by a government agent from an indicted defendant outside the
27  presence of defense counsel.  In Claim 4, in his third amended habeas petition, to the
28  extent he faults his trial counsel for not objecting to the testimony of Kenneth Bono, Emil

9

1  relies upon a different theory, supported by facts not alleged in the 1997 petition.  *See*
2  Third Amended Petition, pp. 20-21.  In the third amended petition, Emil claims that Bono
3  coerced him into making a statement, by threatening him, and that his trial counsel
4  should have raised an objection o Bono's testimony based on *Schaumberg v. State*, 83
5  Nev. 372, 432 P.2d 500 (1967) (to be admissible as evidence, a confession must be
6  made freely, voluntarily and without compulsion or inducement, whether made to a
7  police officer or a private person).

8  Claim 4 does not arise from the same core of operative facts as Ground 4 in
9  Emil's 1997 petition, or any other claim in that petition. Claim 4, therefore, is barred by
10  the statute of limitations.

11  **5.  Claim 5**

12  In Claim 5, Emil claims that his federal constitutional rights were violated
13  because his trial counsel rendered ineffective assistance "when he failed to support Mr.
14  Emil's alibi with documentary proof from Merlin Leavitt and with evidence of weather
15  conditions."  Third Amended Petition, p. 26.

16  Emil argues that this claim relates back to Ground 4 of his 1997 petition (*see*
17  Reply, p. 38), but that argument is without merit.  No facts in support of any such claim
18  of ineffective assistance of counsel were pled in Ground 4 of the 1997 petition.  *See*
19  Petition for Writ of Habeas Corpus, Respondents' Exhibit 10, Ground 4.

20  Claim 5 does not arise from the same core of operative facts as Ground 4 in
21  Emil's 1997 petition, or any other claim in that petition.  Claim 5 is barred by the statute
22  of limitations.

23  **6.  Claim 6**

24  In Claim 6, Emil claims that his federal constitutional rights were violated
25  because his trial counsel rendered ineffective assistance "when he failed to file a motion
26  to preclude the prosecutor from eliciting testimony regarding the 'bad acts/crimes'
27  allegedly committed by Mr. Emil's alibi witness which were not relevant to the
28  'truthfulness' of the alibi witness."  Third Amended Petition, p. 31.

10

1   Here again, Emil argues that this claim relates back to Ground 4 of his 1997
2   petition (*see* Reply, p. 38), but that argument is without merit.  There were no facts pled
3   in support of any such claim of ineffective assistance of counsel in Ground 4 of the 1997
4   petition.  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10, Ground 4.

5   Claim 6 does not arise from the same core of operative facts as Ground 4 in
6   Emil's 1997 petition, or any other claim in that petition.  Claim 6 is barred by the statute
7   of limitations.

8              **7.      Claim 7**

9   In Claim 7, Emil claims that his federal constitutional rights were violated
10  because "[t]he state charged Mr. Emil in the Tolley case to gain a tactical advantage in
11  the Charles Emil case...."  Third Amended Petition, p. 34.

12  Emil makes no argument that this claim relates back to the 1997 petition, and the
13  Court observes that no such claim appears in the 1997 petition.  *See* Petition for Writ of
14  Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

15  Claim 7 does not arise from the same core of operative facts as any claim in
16  Emil's 1997 petition.  Claim 7 is barred by the statute of limitations.

17             **8.      Claim 8**

18  In Claim 8, Emil claims that his federal constitutional rights were violated
19  because "[t]he trial court admitted gruesome photographs" into evidence at trial. Third
20  Amended Petition, p. 38.

21  Emil makes no argument that this claim relates back to the 1997 petition, and the
22  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of
23  Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

24  Claim 8 does not arise from the same core of operative facts as any claim in
25  Emil's 1997 petition.  Claim 8 is barred by the statute of limitations.

26             **9.      Claim 9**

27  In Claim 9, Emil claims that his federal constitutional rights were violated
28  because "[t]he state destroyed exculpatory evidence to gain a tactical advantage...."

11

Third Amended Petition, p. 40. Specifically, Emil asserts in this claim that "[d]etectives for the Las Vegas Metropolitan Police Department knowingly destroyed, prior to trial, two audio tapes and all notes that preserved exculpatory information from interviews of state's key witness Ken Bono." *Id.* at 40-41.

Emil makes no argument that this claim relates back to the 1997 petition, and the Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

Claim 9 does not arise from the same core of operative facts as any claim in Emil's 1997 petition. Claim 9 is barred by the statute of limitations.

### 10.   Claim 10

In Claim 10, Emil claims that his federal constitutional rights were violated because "[t]he state failed to disclose potential exculpatory evidence." Third Amended Petition, p. 44. Specifically, Emil asserts in this claim that the prosecution failed to disclose to the defense that witness Martin Koba was a confidential informant and that he was paid $2000 to testify. *Id.* at 44-46.

Emil makes no argument that this claim relates back to the 1997 petition, and the Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

Emil argues, however, that Claim 10 is timely, under 28 U.S.C. § 2244(d)(1)(B), because the claim was timely raised after he discovered the factual predicate of the claim. *See* Reply, pp. 38-39. Petitioners invoking section 2244(d)(1)(B) must satisfy a high burden. *See   Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir.2009) (petitioners invoking 28 U.S.C. § 2244(d)(1)(B) "must satisfy a far higher bar than that for equitable tolling"). Emil does not show that he is entitled to relief from the statute of limitations under section 2244(d)(1)(B). Emil does not allege, or proffer evidence to establish, when and how he first discovered the factual predicate for Claim 10. *See* Reply, pp. 38-39. Nor does Emil allege, or proffer evidence to establish, the date on which the factual predicate of Claim 10 could have been discovered through the exercise of due

1  diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Emil appears to argue that, simply because

2  Claim 10 is a claim made under *Brady v. Maryland*, 373 U.S. 83 (1963), section

3  2244(d)(1)(B) automatically applies and saves the claim from the operation of the

4  statute of limitations; Emil cites no authority for that proposition.

5        Claim 10 is barred by the statute of limitations.

6              **11.    Claim 11**

7        In Claim 11, Emil claims that his federal constitutional rights were violated

8  because "[t]he trial court refused to instruct on the lesser included and related offenses

9  of conspiracy to commit murder, battery, and accessory after the fact even though

10  evidence in the record supported such convictions and trial counsel explicitly waived the

11  statute of limitations."  Third Amended Petition, p. 46.

12        Emil makes no argument that this claim relates back to the 1997 petition, and the

13  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

14  Habeas Corpus, Respondents' Exhibit 10; *see* also Reply, pp. 36-40.

15        Claim 11 does not arise from the same core of operative facts as any claim in

16  Emil's 1997 petition.  Claim 11 is barred by the statute of limitations.

17              **12.    Claim 12**

18        In Claim 12, Emil claims that his federal constitutional rights were violated

19  because "[t]he trial court instructed the jury on reasonable doubt in a manner that

20  minimized the state's burden of proof...."  Third Amended Petition, p. 48.

21        Emil makes no argument that this claim relates back to the 1997 petition, and the

22  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

23  Habeas Corpus, Respondents' Exhibit 10; *see* also Reply, pp. 36-40.

24        Claim 12 does not arise from the same core of operative facts as any claim in

25  Emil's 1997 petition.  Claim 12 is barred by the statute of limitations.

26              **13.    Claim 13**

27        In Claim 13, Emil claims that his federal constitutional rights were violated

28  because "[t]he trial court instructed the jury to do 'equal and exact justice' between the

1  state and Mr. Emil, which reduced the state's burden of proof ...."  Third Amended
2  Petition, p. 50.

3      Emil makes no argument that this claim relates back to the 1997 petition, and the
4  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of
5  Habeas Corpus, Respondents' Exhibit 10; *see* also Reply, pp. 36-40.

6      Claim 13 does not arise from the same core of operative facts as any claim in
7  Emil's 1997 petition.  Claim 13 is barred by the statute of limitations.

8          **14.    Claim 14**

9      In Claim 14, Emil claims that his federal constitutional rights were violated
10  because "[t]he trial court failed to properly instruct the jury on the elements of first
11  degree murder...."  Third Amended Petition, p. 51.

12      Emil makes no argument that this claim relates back to the 1997 petition, and the
13  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of
14  Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

15      Emil argues, however, that Claim 14 is timely, because it "rests upon newly
16  available Ninth Circuit case law in *Polk v. Sandoval*, 503 F.3d 903 (2007). *See* Reply,
17  pp. 34-36, 39-40.  The record, however, shows that argument to be misleading at best.
18  In Emil's untimely 1998 amended petition, which was filed more than eight (8) years
19  before the *Polk* decision, Emil asserted, as Claim 15 in that amended petition, a claim
20  nearly identical to Claim 14. *See* Amended Petition for Writ of Habeas Corpus,
21  Respondents' Exhibit 11, pp. 45-48. Plainly, Emil was able to articulate this claim before
22  the *Polk* decision was decided in 2007.

23      Claim 14 is barred by the statute of limitations.

24          **15.    Claim 15**

25      In Claim 15, Emil claims that "[e]xtensive prosecutorial misconduct and
26  overreaching distorted the fact-finding process, rendered the trial fundamentally unfair
27  ..." and violated his federal constitutional rights. Third Amended Petition, p. 55.

28  ///

14

1    Emil makes no argument that this claim relates back to the 1997 petition, and the

2    Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

3    Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

4    Claim 15 does not arise from the same core of operative facts as any claim in

5    Emil's 1997 petition. Claim 15 is barred by the statute of limitations.

6           **16.    Claim 16**

7    In Claim 16, Emil claims that his federal constitutional rights were violated

8    because "[t]he trial court refused to record significant portions of trial which denied Mr.

9    Emil meaningful appellate review...." Third Amended Petition, p. 58.

10    Emil makes no argument that this claim relates back to the 1997 petition, and the

11    Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

12    Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

13    Claim 16 does not arise from the same core of operative facts as any claim in

14    Emil's 1997 petition. Claim 16 is barred by the statute of limitations.

15           **17.    Claim 17**

16    In Claim 17, Emil claims that his federal constitutional rights were violated

17    because "[a]ppellate counsel rendered ineffective assistance." Third Amended Petition,

18    p. 60. Emil claims that his appellate counsel "unreasonably failed to litigate the facts

19    and legal issues enunciated [in] claims No. 6 through 8, part of 11 and 12 through 16

20    and 18...." *Id.*

21    Emil makes no argument that this claim relates back to the 1997 petition, and the

22    Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

23    Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

24    Claim 17 does not arise from the same core of operative facts as any claim in

25    Emil's 1997 petition. Claim 17 is barred by the statute of limitations.

26    ///

27    ///

28    ///

1

**18.    Claim 18**

2        In Claim 18, Emil claims that "[t]he trial court's admission of hearsay violated the

3   federal constitutional guarantees of due process, effective assistance of counsel, right

4   to confrontation and cross-examination." Third Amended Petition, p. 61.

5        Emil makes no argument that this claim relates back to the 1997 petition, and the

6   Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

7   Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

8        Claim 18 does not arise from the same core of operative facts as any claim in

9   Emil's 1997 petition. Claim 18 is barred by the statute of limitations.

10       **19.    Claim 19**

11       In Claim 19, Emil claims that his federal constitutional rights were violated

12   because his trial counsel rendered ineffective assistance because "counsel failed to

13   challenge the testimony of Ken Bono with the testimony of Dr. Green...."   Third

14   Amended Petition, p. 62.

15       Emil argues that this claim relates back to Ground 4 of his 1997 petition (*see*

16   Reply, p. 38), but that argument is without merit. In Ground 4 of the 1997 petition, with

17   regard to the testimony of Kenneth Bono, Emil made only the following claim that his

18   trial counsel was ineffective:

19           ... Emil requested trial counsel file a Motion to Suppress as to the
             testimony of Kenneth Bono pursuant to a Messiah issue. Trial counsel
20           failed to file this meritorious issue.

21   *Id.* As is discussed above with respect to Claim 4, this Court reads the reference to

22   "Messiah" as a reference to *Massiah v. United States*, 377 U.S. 201 (1964), in which the

23   Supreme Court held that a defendant's Sixth Amendment right to counsel is violated

24   when the government introduces statements deliberately elicited by a government agent

25   from an indicted defendant outside the presence of defense counsel. In Claim 19, Emil

26   makes a completely different claim, based upon completely different facts. Emil asserts

27   in Claim 19 that Bono's testimony was inconsistent with the opinions of Dr. Green, the

28   pathologist who performed the autopsy, and Emil claims that his trial counsel was

1   ineffective for not challenging Bono's testimony with the testimony of Dr. Green.   Third

2   Amended Petition, pp. 62-64.

3       Claim 19 does not arise from the same core of operative facts as Ground 4 in

4   Emil's 1997 petition, or any other claim in that petition.   Claim 19 is barred by the statute

5   of limitations.

6       **20.    Claim 20**

7       In Claim 20, Emil claims that his federal constitutional rights were violated

8   because "[t]rial counsel rendered ineffective assistance by not preparing for, or

9   presenting evidence at, the sentencing hearing...."   Third Amended Petition, p. 64.

10      Emil makes no argument that this claim relates back to the 1997 petition, and the

11  Court finds that there was no such claim in the 1997 petition. *See* Petition for Writ of

12  Habeas Corpus, Respondents' Exhibit 10; *see also* Reply, pp. 36-40.

13      Claim 20 does not arise from the same core of operative facts as any claim in

14  Emil's 1997 petition.   Claim 20 is barred by the statute of limitations.

15      **21.    Claim 21**

16      Claim 21 is a cumulative error claim. Third Amended Petition, p. 83.   Emil

17  incorporates all his other claims into Claim 21, and claims that "[s]hould this Court

18  refuse prejudice from any single error, then this Court must review prejudice from all

19  error collectively." *Id.* at 84.

20      This cumulative error claim is not subject to denial based on the statute of

21  limitations, but, rather, is viable, with respect to the statute of limitations, to the extent

22  that Emil asserts multiple claims (Claims 1, 2, and 3) that are not barred by the statute

23  of limitations.

24      **C.    Conclusion Regarding Application of Statute of Limitations**

25      The following of Emil's claims are barred by the statute of limitations, and are

26  subject to denial on that basis:  Claims 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,

27  19, and 20.

28  ///

IV.    **PROCEDURAL DEFAULT**

A.    **Application of the Procedural Default Doctrine, Generally**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (*quoting Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994)). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir.2003).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*,

874 F.2d 599, 603 (9th Cir.1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).

Respondents argue that Claims 1, 2, 3, 4 (in part), 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 are procedurally defaulted. *See* Answer, pp. 50-55.

Respondents' position is that Emil's second and third state habeas actions were ruled, by the Nevada Supreme Court, to be barred by adequate and independent state procedural rules, and that, therefore, any claims in this action that were brought in state court only in one or both of those two state-court habeas actions is procedurally defaulted.

The Nevada Supreme Court ruled on the appeal in Emil's second state habeas action on December 4, 2001. Order of Affirmance, Respondents' Exhibit 16. The court affirmed the state district court's dismissal of Emil's petition, ruling that the petition was procedurally barred by NRS 34.726 (statute of limitations) and NRS 34.810 (regarding successive petitions). *Id.* The Nevada Supreme Court ruled on the appeal in Emil's third state habeas action on September 24, 2009. Order of Affirmance, Respondents' Exhibit 26 (also at Petitioner's Exhibit A). In that case, the court affirmed the state district court's dismissal of Emil's petition, ruling that the petition was procedurally barred by NRS 34.800(2) (laches). *Id.* Therefore, both Emil's second and third state habeas actions were ruled by the Nevada Supreme Court to be procedurally barred.

In his response to respondents' procedural default defense, Emil argues that his claims are not barred by the procedural default doctrine "because the Nevada Supreme Court ruled on the merits of Emil's actual innocence claim and because Nevada's procedural default rules are not adequate to prevent this Court from ruling on Emil's claims." Reply, p. 1.

Emil's first argument — that the Nevada Supreme Court ruled on the merits of his actual innocence claim — is an argument that the Nevada Supreme Court's application of the state procedural rules was not independent. The Court finds the argument to be without merit.

1    Emil's argument in this regard focuses on the Nevada Supreme Court's Order of

2    Affirmance, dated September 24, 2009.  *See* Reply, pp. 2-3 (*citing* Petitioner's Exhibit A,

3    p. 6).  In its September 24, 2009, order, the Nevada Supreme Court affirmed the state

4    district court's denial of Emil's third state habeas petition, on procedural grounds.  Order

5    of Affirmance, Petitioner's Exhibit A (also at Respondents' Exhibit 26).  In that order, the

6    Nevada Supreme Court addressed the state district court's application of NRS 34.800, a

7    statutory laches provision, to bar Emil's claims.  *Id.* at 3-8.  The Nevada Supreme Court

8    ruled that Emil did not overcome the presumption of prejudice to the State provided for

9    in NRS 34.800.  *Id.*  The Nevada Supreme Court also ruled that Emil did not overcome

10   the laches defense by means of a showing of a fundamental miscarriage of justice,

11   which, under Nevada law, requires that "a petitioner must make a colorable showing of

12   actual innocence." *Id.* at 5 (*citing Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519,

13   537 (2001)).

14   Emil's argument concerns the following portion of the Nevada Supreme Court's

15   September 24, 2009 order:

16   It appears that appellant may raise an argument of actual
     innocence in his brief. It appears that appellant argues he is actually
17   innocent because witness Joseph Henslick recanted his trial testimony.
     Henslick was in jail with appellant before and during appellant's trial. On
18   the first day of trial, Henslick contacted the State and informed the State
     that appellant confessed to him and had asked him to lie on the stand. At
19   trial, Henslick testified that appellant told him that appellant shot the victim.
     [Footnote: Henslick also testified that appellant asked him to testify falsely
20   about a conversation that appellant had with Michael Lefever. Henslick
     does not appear to recant this testimony. He only appears to recant the
21   testimony he gave regarding appellant confessing to him.] On December
     20, 2005, Henslick signed a declaration that stated that he lied when he
22   testified that appellant confessed to him. Specifically, the declaration
     stated:
23

24   1.    I testified against Rod Emil in Clark County, Nevada,
     in November 1987. Mr. Emil was being prosecuted for
25   murder.

26   2.    I told the jury that while we were in jail together Rod
     Emil confessed to me that he killed a man. This testimony
27   was not true.

28   3.    While we were in jail together, Rod Emil never told me
     he was guilty of anything.

20

1

2

> 4.     The District Attorney told me to testify Rod Emil had confessed. I wanted to please the DA, so did as they asked.

3

4

5

6

7

8

9

10

11

12

13

14

> Appellant fails to meet his burden for an actual innocence claim. Appellant fails to show that "it is more likely than not that no reasonable juror would have convicted him in light of" Henslick's recantation. Even assuming Henslick's recantation was credible, the evidence presented at trial, while not overwhelming, was sufficient to convict appellant without Henslick's testimony. Several witnesses testified that appellant confessed, including Ken Bono, Martin Koba, and Michael Lefever. Further, evidence was presented that Russ Tolley, the victim, was likely killed on March 3, or March 4, 1983, and that appellant was in Las Vegas at that time. Tolley was supposed to have 4 to 5 pounds of marijuana to sell and appellant and his co-defendant Todd Leavitt were supposed to buy it from him. On March 3, 1983, the last time Tolley was seen, he was on his way to sell some marijuana. Moreover, appellant and Leavitt had access to the type of gun that was used to kill the victim. The gun belonged to an employee of Leavitt's father, and was discovered missing on March 3. Shortly after the murder, appellant and Leavitt were seen taking the carpet out of Leavitt's house. They later cleaned the walls of the house and when asked, Leavitt answered it was to get rid of the traces of Tolley's hair. Under these facts, we conclude that the district court did not err in rejecting appellant's actual innocence argument and determining that the petition was procedurally defaulted. Therefore, because appellant failed to rebut the presumption of prejudice to the State, the district court did not err in denying appellant's petition based on laches.

15  Order of Affirmance, Petitioner's Exhibit A (also at Respondents' Exhibit 26), pp. 6-8.

16  Plainly, the Nevada Supreme Court did not there make a ruling on the merits of any

17  federal constitutional claim for habeas corpus relief asserted by Emil. Rather, the

18  Nevada Supreme Court only addressed the question of actual innocence as part of its

19  application of NRS 34.800, that is, to determine whether Emil overcame the procedural

20  bar imposed by that statute. *See Id.*; *see also* Order of Affirmance, Respondents'

21  Exhibit 16, pp. 5-7 (similarly rejecting Emil's actual innocence argument, asserted in an

22  attempt to overcome the procedural bars of NRS 34.726 (statute of limitations) and NRS

23  34.810 (successive petitions), in Emil's second state-court habeas action).

24         Emil cites no authority for the proposition that a state court's consideration of a

25  claim of actual innocence, made in an attempt to overcome a state procedural bar,

26  renders the procedural bar not independent, such that it cannot support application of

27  the procedural default doctrine in federal court.

28  ///

1   Emil's second argument regarding procedural default is that the state-law
2   procedural bars applied by the Nevada Supreme Court are inadequate to support
3   application of the procedural default doctrine in this federal habeas action, because they
4   are inconsistently applied in the state courts. *See* Reply, pp. 3-24.

5   In affirming the denial of Emil's second state-court habeas petition on procedural
6   grounds, the Nevada Supreme Court grounded its ruling on NRS 34.726, the state-law
7   statute of limitations, and NRS 34.810, which concerns successive petitions. *See* Order
8   of Affirmance, Respondents' Exhibit 16. In affirming the denial of Emil's third state-court
9   habeas petition on procedural grounds, the Nevada Supreme Court grounded its ruling
10  on NRS 34.800, a statutory laches provision. *See* Order of Affirmance, Respondents'
11  Exhibit 26 (also at Petitioner's Exhibit A).

12  A state procedural rule is "adequate" if it is "clear, consistently applied, and well-
13  established at the time of the petitioner's purported default." *Calderon*, 96 F.3d at 1129
14  (citation and internal quotation marks omitted); *see also Ford v. Georgia*, 498 U.S. 411,
15  424 (1991) (State procedural rule adequate if it is "firmly established and regularly
16  followed by the time as of which it is to be applied." (citation and internal quotation
17  marks omitted)); *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir.2001).

18  In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir.2003), the court of appeals
19  established a burden-shifting test for analyzing adequacy. Under *Bennett*, the State
20  carries the initial burden of pleading "the existence of an independent and adequate
21  state procedural ground as an affirmative defense." *Bennett*, 322 F.3d at 586. The
22  burden then shifts to the petitioner "to place that defense in issue," which the petitioner
23  may do "by asserting specific factual allegations that demonstrate the inadequacy of the
24  state procedure, including citation to authority demonstrating inconsistent application of
25  the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the
26  adequacy of the procedural rule rests with the State, which must demonstrate "that the
27  state procedural rule has been regularly and consistently applied in habeas actions."
28  *Id.*; *see also King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir.2006).

1    In this case, the respondents meet their initial burden under *Bennett* by asserting

2  that the Nevada Supreme Court's application of NRS 34.726, 34.800 and 34.810 in

3  Emil's second and third state-court habeas actions constituted an adequate state

4  procedural ground for denying relief. *See* Answer, pp. 47-57.

5    In *State v. Eighth Judicial Dist. Court* (*Riker*), 121 Nev. 225, 112 P.3d 1070

6  (2005), the Nevada Supreme Court considered the question whether it had consistently

7  applied the procedural bars codified in NRS 34.726, 34.800, and 34.810, over roughly

8  the same time period when Emil's defaults occurred. The Nevada Supreme Court, in

9  that case, addressed nearly all the arguments made here by Emil, demonstrating that it

10  consistently applied those procedural bars. While the Nevada Supreme Court's ruling in

11  *Riker* is not binding on this Court with respect to the question whether state-law

12  procedural rules are adequate to support application of the procedural default doctrine

13  in this federal habeas action, this Court finds the Nevada Supreme Court's analysis to

14  be persuasive, as, in *Riker*, the Nevada Supreme Court explained its own decisions.

15    In *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir.1996), the Ninth Circuit Court of

16  Appeals addressed the adequacy of Nevada's timeliness rules, NRS 34.726 and NRS

17  34.800, and held that the Nevada Supreme Court "consistently applies its procedural

18  rules to bar review of the merits of an untimely claim in the absence of a showing of

19  cause and lack of prejudice to the State." *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th

20  Cir.1996). The default at issue in *Moran* occurred in 1992. *See Ybarra v. McDaniel*, 656

21  F.3d 984, 990 (9th Cir.2011) (noting that the default of the petitioner in *Moran* occurred

22  in 1992). The default in that case was, therefore, close in time to Emil's default, as

23  Emil's direct appeal was concluded in 1989, and his first state post-conviction habeas

24  petition was concluded in 1991. *See* Order Dismissing Appeal, Respondents' Exhibit 4;

25  Order Dismissing Appeal, Respondents' Exhibit 8.

26    Moreover, in *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir.2000), the court of

27  appeals ruled that as of 1993, the Nevada Supreme Court consistently applied NRS

28  34.726. *See Loveland*, 231 F.3d at 643.

1    Another Ninth Circuit Court of Appeals case, decided after establishment of the

2  burden-shifting rules in *Bennett,* instructs that past determinations as to the adequacy of

3  a procedural rule for a given time period are to be accorded deference:

> 4    In *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir.1998), we held that a
> petitioner had not met his burden because we had already held the state
> 5  procedural rule to be consistently applied and the petitioner failed to cite
> cases demonstrating subsequent inconsistent application. *Id.* at 932. This
> 6  holding helps prevent inconsistent determinations regarding a state
> procedural rule's adequacy during a given time period. This same
> 7  reasoning provides a firm foundation for applying the *Ortiz* requirement
> bilaterally. Once we have found a state procedural rule to be inadequate,
> 8  petitioners may fulfill their burden under *Bennett* by simply challenging the
> adequacy of the procedure; the burden then shifts back to the government
> 9  to demonstrate that the law has subsequently become adequate....
>
> 10    This holding is necessary to maintain the primary principle we
> announced in *Bennett*: the government bears the ultimate burden of
> 11  establishing the adequacy of a rule. This burden should exist whether or
> not the petitioner identifies the correct basis upon which to challenge the
> 12  adequacy of the rule. If we held otherwise, the government could avoid its
> burden under *Bennett*, and illogical results would occur. Here, for
> 13  example, we would bar King's claim based on a procedural rule
> already found to be inadequate. In essence, we would be holding that the same
> 14  rule is adequate in some cases and inadequate in others. This defies
> common sense. A procedural rule is either adequate or inadequate during
> 15  a given time period; its adequacy does not depend upon the facts of a
> petitioner's case.
> 16

17  *King v. Lamarque*, 464 F.3d 963, 967-68 (9th Cir.2006). Following the reasoning in

18  *King*, this Court defers to the court of appeals' holdings in *Moran* and *Loveland*, and

19  concludes that during the period between 1989, when Emil's direct appeal was

20  dismissed, and at least 1993, when the default in *Loveland* occurred, the Nevada

21  Supreme Court consistently applied Nevada's statutory procedural bars to post-

22  conviction habeas petitions.

23    Against this legal backdrop, Emil argues that the procedural bars in NRS 34.726,

24  34.800 and 34.810 were inadequate when he defaulted his claims in state court.

25    Emil bases his argument, almost entirely, on arguments discussed at length, and

26  rejected, in the Nevada Supreme Court's *Riker* opinion. *See* Reply, pp. 8-17. The Court

27  finds Emil's attempts to discredit the Nevada Supreme Court's explanation of its own

28  rulings in "the *Hill* cases," the "*Bennett* cases," "the 'meritless' cases," and "the *Stevens*

1   case," to be unpersuasive at best. *See id.* In light of *Riker*, *Moran*, and *Loveland*, Emil's

2   arguments in this regard do not meet his burden, under *Bennett*, to place the procedural

3   default defense in issue, "by asserting specific factual allegations that demonstrate the

4   inadequacy of the state procedure, including citation to authority demonstrating

5   inconsistent application of the rule." *See Bennett*, 322 F.3d at 586.

6        The one significant argument made by Emil in this regard that is not undermined

7   by *Riker* is Emil's argument based on the Nevada Supreme Court's handling of the

8   *Rippo* case. *See* Reply, pp. 7-8; *see also Rippo v. State*, 122 Nev. 1086, 146 P.3d 279

9   (2006). Emil argues that in the *Rippo* case, on the petitioner's appeal from denial of

10   habeas corpus relief, the Nevada Supreme Court ignored NRS 34.726, 34.800 and

11   34.810, and *sua sponte* directed the parties to be prepared at oral argument to address

12   a particular issue regarding a penalty-phase jury instruction concerning whether the jury

13   was required to be unanimous in finding that mitigating evidence outweighed

14   aggravating factors such as to preclude death eligibility. *See* Reply, p. 7. The jury

15   instruction issue was not pled by Rippo, the petitioner, in the state district court,

16   because it only arose as part of the reweighing of mitigating evidence and aggravating

17   factors that was necessary to the harmless error analysis of an issue that arose as a

18   result of the Nevada Supreme Court's decision in *McConnell v. State*, 120 Nev. 1043,

19   102 P.3d 606 (2004), which was decided while the *Rippo* case was pending on appeal.

20   In *Rippo*, the Nevada Supreme Court expressly found "good cause" to entertain the

21   petitioner's *McConnell* claim, as the legal basis for that claim "was not available at the

22   time [the petitioner] pursued his habeas petition in the district court," and because the

23   claim "present[ed] questions of law that [did] not require factual determinations outside

24   the record." *Rippo*, 146 P.3d at 283 (internal citations omitted). Emil's suggestion that

25   the Nevada Supreme Court circumvented NRS 34.726, 34.800 or 34.810, by raising the

26   jury instruction issue *sua sponte* is misleading, because the jury instruction issue was

27   ancillary to the court's adjudication of the *McConnell* claim; it was not a free-standing

28   ground for habeas corpus relief. The court's opinion in *Rippo* shows that the court

1  sought oral argument on the jury instruction issue, and addressed that issue in its
2  opinion, not as a freestanding ground for habeas relief, but because of the issue's
3  impact on the court's harmless error analysis regarding the *McConnell claim. See*
4  *Rippo*, 146 P.3d at 285, 287-88. The Nevada Supreme Court did not, in *Rippo*,
5  arbitrarily overlook NRS 34.726, 34.800 or 34.810, as Emil claims, and *Rippo* is not
6  evidence of inconsistent application of those state procedural rules.

7        Emil has not met his burden to place the procedural default defense in this case
8  in issue, "by asserting specific factual allegations that demonstrate the inadequacy of
9  the state procedure, including citation to authority demonstrating inconsistent
10  application of the rule." *See Bennett*, 322 F.3d at 586. NRS 34.726, 34.800, and 34.810
11  are adequate to support the procedural default defense asserted by respondents.

12       The Court concludes, then, that any claims presented in state court only in Emil's
13  second or third state habeas action, or both, are barred, in this federal habeas corpus
14  action, by the procedural default doctrine.

15       **B.    Application of the Procedural Default Doctrine to Individual Claims**

16              **1.    Claim 1**

17       In Claim 1 of his third amended habeas petition, Emil claims that his federal
18  constitutional rights were violated "because the jury foreman presided while unfit for jury
19  service," in that "a motion to revoke his probation hung over his head throughout the
20  trial." Third Amended Petition, p. 5.

21       Emil asserted a related claim on his direct appeal; that claim, however, was
22  fundamentally different, in that Emil did not there claim a violation of his federal
23  constitutional rights. *See* Appellant's Opening Brief, Respondents' Exhibit 3A, pp. 21-23;
24  Appellant's Reply Brief, Respondents' Exhibit 3C, pp. 10-13.

25       Emil first presented this claim in state court, as a claimed federal constitutional
26  violation, in his second state habeas action, in 1999. *See* Petition for Writ of Habeas
27  Corpus, Respondents' Exhibit 13, pp. 6-8. Emil again presented this claim in state court
28  in his third state habeas action, in 2006. *See* Petition for Writ of Habeas Corpus,

1  Respondents' Exhibit 25, pp. 43-46. As is discussed above, however, Emil's second
2  and third state habeas actions were ruled barred under adequate and independent
3  Nevada procedural rules.

4  As Emil raised this claim in state court only in his second and third state habeas
5  actions, it is procedurally defaulted, and is subject to denial on that ground.

6  **2.    Claim 2**

7  In Claim 2, Emil claims that his federal constitutional rights were violated when
8  the trial court "instructed the jury on the state's theory of aiding and abetting," because
9  "[t]he trial court allowed the state to argue that theory even though the state failed to
10 provide any pre-trial notice of prosecution for aiding and abetting." Third Amended
11 Petition, p. 7.

12 Emil asserted a related claim on his direct appeal, but, here again, Emil did not
13 there claim a violation of his federal constitutional rights. *See* Appellant's Opening Brief,
14 Respondents' Exhibit 3A, pp. 15-18; Appellant's Reply Brief, Respondents' Exhibit 3C,
15 pp. 4-9. Emil did, in that claim on his direct appeal, assert that the State's reliance on
16 the aiding and abetting theory violated his "due process rights," generally, but he did not
17 specifically claim a violation of his federal constitutional right to due process of law. A
18 claim has been fairly presented to the state court if the petitioner has described both the
19 operative facts and the federal legal theory on which the claim is based. *Tamalini v.*
20 *Stewart*, 249 F.3d 895, 898-99 (9th Cir.2001); *Bland v. Cal. Dep't of Corrections*, 20
21 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by *Schell v. Witek*, 218
22 F.3d 1017, 1025 (9th Cir.2000) (en banc). "Our rule is that a state prisoner has not 'fairly
23 presented' (and thus exhausted) his federal claims in state court unless he specifically
24 indicated to that court that those claims were based on federal law." *Lyons v. Crawford*,
25 232 F.3d 666, 668 (9th Cir.2000), amended on other grounds, 247 F.3d 904 (9th
26 Cir.2001). "If a petitioner fails to alert the state court to the fact that he is raising a
27 federal constitutional claim, his federal claim is unexhausted regardless of its similarity
28 to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996).

27

1    "[G]eneral appeals to broad constitutional principles, such as due process, equal
2    protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v.*
3    *Wood*, 195 F.3d 1098, 1106 (9th Cir.1999) (*citing Gray v. Netherland*, 518 U.S. 152,
4    162-63 (1996)). Under well-established Ninth Circuit precedent, this court cannot
5    consider Emil to have raised this claim on his direct appeal.

6         Emil first presented this claim in state court, as a claimed federal constitutional
7    violation, in his second state habeas action. *See* Petition for Writ of Habeas Corpus,
8    Respondents' Exhibit 13, pp. 8-11. Emil again presented this claim in state court in his
9    third state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit
10   25, pp. 46-50. As is discussed above, however, Emil's second and third state habeas
11   actions were ruled barred under adequate and independent Nevada procedural rules.

12        As Emil raised this claim in state court only in his second and third state habeas
13   actions, it is procedurally defaulted, and is subject to denial on that ground.

14            **3.    Claim 3**

15        In Claim 3, Emil claims that his federal constitutional rights were violated
16   because the prosecution, in violation of the rules of *Napue v. Illinois*, 360 U.S. 264
17   (1959), and *Giglio v. United States*, 405 U.S. 150 (1972), "instructed Joseph Henslick to
18   testify falsely and provided benefits for that testimony." Third Amended Petition, p. 11.

19        Emil asserted a related claim on his direct appeal, but, again, Emil did not there
20   claim a violation of his federal constitutional rights. *See* Appellant's Opening Brief,
21   Respondents' Exhibit 3A, pp. 19-20; Appellant's Reply Brief, Respondents' Exhibit 3C,
22   pp. 9-10. On his direct appeal, Emil asserted only that Henslick's testimony violated his
23   "due process rights," generally; he did not specifically claim a violation of his federal
24   constitutional right to due process of law. Therefore, Emil did not properly present Claim
25   3 on his direct appeal. *See* discussion, above, regarding Claim 2.

26        Emil first presented this claim in state court, as a claimed federal constitutional
27   violation, in his second state habeas action. *See* Petition for Writ of Habeas Corpus,
28   Respondents' Exhibit 13, pp. 11-13. Emil again presented this claim in state court in his

1  third state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit
2  25, pp. 51-56. As is discussed above, however, Emil's second and third state habeas
3  actions were ruled barred under adequate and independent Nevada procedural rules.

4      As Emil raised this claim in state court only in his second and third state habeas
5  actions, it is procedurally defaulted, and is subject to denial on that ground.

6          **4.   Claim 4**

7      In Claim 4, Emil claims that his federal constitutional rights were violated
8  because his trial counsel rendered ineffective assistance "when he neglected Mr. Emil's
9  case prior to trial and refused to ask appropriate and productive questions during trial."
10  Third Amended Petition, p. 17. There are several subclaims in Claim 4:  that counsel
11  "refused to examine witnesses on topics Mr. Emil suggested" (*id.* at 17); that counsel
12  "refused questions about the orange truck" (*id.*); that counsel "refused to develop a
13  description of Bobby Little's gun" (*id.* at 19); that counsel "refused to object to testimony
14  from Ken Bono" (*id.* at 20); that counsel "refused to object to hearsay testimony from
15  Terry Bono" (*id.* at 21); that counsel "refused to cross-examine Victor Gramrosa for
16  bias" (*id.* at 22); and that counsel "refused to collect Lefevre's jail records prior to trial"
17  (*id.* at 23).

18      Respondents argue that two of the subclaims in Claim 4 – the subclaim regarding
19  the cross-examination of Victor Gramrosa, and the subclaim regarding Michael Stewart
20  Lefevre's jail records – are procedurally defaulted. *See* Answer, p. 51.

21      Emil did not raise his claims of ineffective assistance of trial counsel, relative to
22  the cross-examination of Victor Gramrosa or Michael Stewart Lefevre's jail records, on
23  his direct appeal or in his first state habeas action. *See* Respondents' Exhibits 3A, 3C,
24  5, 6. Nor did Emil raise any such claims in his second state habeas action. *See*
25  Respondents' Exhibit 13.

26      Emil first presented these claims in state court in his third state habeas action.
27  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 59-63. As is
28  ///

1  discussed above, however, Emil's third state habeas action was ruled barred under
2  adequate and independent Nevada procedural rules.

3  As Emil raised these claims — his claims of ineffective assistance of trial counsel,
4  relative to the cross-examination of Victor Gramrosa and relative to Michael Stewart
5  Lefevre's jail records — in state court only in his third state habeas action, they are
6  procedurally defaulted, and subject to denial on that ground.

7  **5.    Claim 5**

8  In Claim 5, Emil claims that his federal constitutional rights were violated
9  because his trial counsel rendered ineffective assistance "when he failed to support Mr.
10  Emil's alibi with documentary proof from Merlin Leavitt and with evidence of weather
11  conditions." Third Amended Petition, p. 26.

12  Emil did not raise this claim on his direct appeal or in his first state habeas action.
13  *See* Respondents' Exhibits 3A, 3C, 5, 6.

14  Emil first presented this claim in state court in his second state habeas action.
15  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 15-20. Emil again
16  presented this claim in state court in his third state habeas action. *See* Petition for Writ
17  of Habeas Corpus, Respondents' Exhibit 25, pp. 64-70. As is discussed above,
18  however, Emil's second and third state habeas actions were ruled barred under
19  adequate and independent Nevada procedural rules.

20  As Emil raised this claim in state court only in his second and third state habeas
21  actions, it is procedurally defaulted, and is subject to denial on that ground.

22  **6.    Claim 6**

23  In Claim 6, Emil claims that his federal constitutional rights were violated
24  because his trial counsel rendered ineffective assistance "when he failed to file a motion
25  to preclude the prosecutor from eliciting testimony regarding the 'bad acts/crimes'
26  allegedly committed by Mr. Emil's alibi witness which were not relevant to the
27  'truthfulness' of the alibi witness." Third Amended Petition, p. 31.

28  ///

1    Emil did not raise this claim on his direct appeal or in his first state habeas action.
2  *See* Respondents' Exhibits 3A, 3C, 5, 6.

3    Emil first presented this claim in state court in his second state habeas action.
4  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 21-25. Emil again
5  presented this claim in state court in his third state habeas action.  *See* Petition for Writ
6  of Habeas Corpus, Respondents' Exhibit 25, pp. 70-75. As is discussed above,
7  however, Emil's second and third state habeas actions were ruled barred under
8  adequate and independent Nevada procedural rules.

9    As Emil raised this claim in state court only in his second and third state habeas
10  actions, it is procedurally defaulted, and is subject to denial on that ground.

11    **7.    Claim 7**

12    In Claim 7, Emil claims that his federal constitutional rights were violated
13  because "[t]he state charged Mr. Emil in the Tolley case to gain a tactical advantage in
14  the Charles Emil case...."  Third Amended Petition, p. 34.

15    Emil did not raise this claim on his direct appeal or in his first state habeas action.
16  *See* Respondents' Exhibits 3A, 3C, 5, 6.

17    Emil first presented this claim in state court in his second state habeas action.
18  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 25-30. Emil again
19  presented this claim in state court in his third state habeas action.  *See* Petition for Writ
20  of Habeas Corpus, Respondents' Exhibit 25, pp. 75-80. As is discussed above,
21  however, Emil's second and third state habeas actions were ruled barred under
22  adequate and independent Nevada procedural rules.

23    As Emil raised this claim in state court only in his second and third state habeas
24  actions, it is procedurally defaulted, and is subject to denial on that ground.

25    **8.    Claim 8**

26    In Claim 8, Emil claims that his federal constitutional rights were violated
27  because "[t]he trial court admitted gruesome photographs" into evidence at trial. Third
28  Amended Petition, p. 38.

1   Emil did not raise this claim on his direct appeal or in his first state habeas action.
2   *See* Respondents' Exhibits 3A, 3C, 5, 6.

3   Emil first presented this claim in state court in his second state habeas action.
4   *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 31-34. Emil again
5   presented this claim in state court in his third state habeas action. *See* Petition for Writ
6   of Habeas Corpus, Respondents' Exhibit 25, pp. 80-83. As is discussed above,
7   however, Emil's second and third state habeas actions were ruled barred under
8   adequate and independent Nevada procedural rules.

9   As Emil raised this claim in state court only in his second and third state habeas
10  actions, it is procedurally defaulted, and is subject to denial on that ground.

11          **9.      Claim 9**

12  In Claim 9, Emil claims that his federal constitutional rights were violated
13  because "[t]he state destroyed exculpatory evidence to gain a tactical advantage...."
14  Third Amended Petition, p. 40. More specifically, Emil asserts in this claim that
15  "[d]etectives for the Las Vegas Metropolitan Police Department knowingly destroyed,
16  prior to trial, two audio tapes and all notes that preserved exculpatory information from
17  interviews of state's key witness Ken Bono." *Id.* at 40-41.

18  Emil did not raise this claim on his direct appeal or in his first state habeas action.
19  *See* Respondents' Exhibits 3A, 3C, 5, 6.

20  Emil first presented this claim in state court in his second state habeas action.
21  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 37-41. Emil again
22  presented this claim in state court in his third state habeas action. *See* Petition for Writ
23  of Habeas Corpus, Respondents' Exhibit 25, pp. 87-92. As is discussed above,
24  however, Emil's second and third state habeas actions were ruled barred under
25  adequate and independent Nevada procedural rules.

26  As Emil raised this claim in state court only in his second and third state habeas
27  actions, it is procedurally defaulted, and is subject to denial on that ground.

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 10.    Claim 10

In Claim 10, Emil claims that his federal constitutional rights were violated because "[t]he state failed to disclose potential exculpatory evidence." Third Amended Petition, p. 44. Specifically, Emil asserts in this claim that the prosecution failed to disclose information about witness Martin Koba. *Id.* at 44-46.

Emil did not raise this claim on his direct appeal or in his first state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6.

Emil first presented this claim in state court in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 41-43. Emil again presented this claim in state court in his third state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 92-95. As is discussed above, however, Emil's second and third state habeas actions were ruled barred under adequate and independent Nevada procedural rules.

As Emil raised this claim in state court only in his second and third state habeas actions, it is procedurally defaulted, and is subject to denial on that ground.

### 11.    Claim 11

In Claim 11, Emil claims that his federal constitutional rights were violated because "[t]he trial court refused to instruct on the lesser included and related offenses of conspiracy to commit murder, battery, and accessory after the fact even though evidence in the record supported such convictions and trial counsel explicitly waived the statute of limitations." Third Amended Petition, p. 46.

Emil asserted a related claim on his direct appeal, but Emil did not there claim a violation of his federal constitutional rights. *See* Appellant's Opening Brief, Respondents' Exhibit 3A, pp. 12-14; Appellant's Reply Brief, Respondents' Exhibit 3C, pp. 3-4.

Emil first presented this claim in state court, as a claimed federal constitutional violation, in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 44-47. Emil again presented this claim in state court in his

third state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 95-98. As is discussed above, however, Emil's second and third state habeas actions were ruled barred under adequate and independent Nevada procedural rules.

As Emil raised this claim in state court only in his second and third state habeas actions, it is procedurally defaulted, and is subject to denial on that ground.

### 12.    Claim 12

In Claim 12, Emil claims that his federal constitutional rights were violated because "[t]he trial court instructed the jury on reasonable doubt in a manner that minimized the state's burden of proof...." Third Amended Petition, p. 48.

Emil did not raise this claim on his direct appeal or in his first state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6.

Emil first presented this claim in state court in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 47-49. Emil again presented this claim in state court in his third state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 98-101. As is discussed above, however, Emil's second and third state habeas actions were ruled barred under adequate and independent Nevada procedural rules.

As Emil raised this claim in state court only in his second and third state habeas actions, it is procedurally defaulted, and is subject to denial on that ground.

### 13.    Claim 13

In Claim 13, Emil claims that his federal constitutional rights were violated because "[t]he trial court instructed the jury to do 'equal and exact justice' between the state and Mr. Emil, which reduced the state's burden of proof ...." Third Amended Petition, p. 50.

Emil did not raise this claim on his direct appeal or in his first state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6.

Emil first presented this claim in state court in his second state habeas action. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 49-51. Emil again

1   presented this claim in state court in his third state habeas action.  *See* Petition for Writ

2   of Habeas Corpus, Respondents' Exhibit 25, pp. 101-02.  As is discussed above,

3   however, Emil's second and third state habeas actions were ruled barred under

4   adequate and independent Nevada procedural rules.

5        As Emil raised this claim in state court only in his second and third state habeas

6   actions, it is procedurally defaulted, and is subject to denial on that ground.

7             **14.   Claim 14**

8        In Claim 14, Emil claims that his federal constitutional rights were violated

9   because "[t]he trial court failed to properly instruct the jury on the elements of first

10   degree murder...."  Third Amended Petition, p. 51.  This claim has two discrete parts.

11   First, Emil claims that "[t]he trial court misstated the law in the instructions that defined

12   premeditation and deliberation."  *Id.* at 52.  Second, Emil claims that the "malice

13   aforethought" instruction "relieved the state of the burden to prove each element of the

14   offense beyond a reasonable doubt."  *Id.* at 54.

15        Emil did not raise this claim on his direct appeal or in his first state habeas action.

16   *See* Respondents' Exhibits 3A, 3C, 5, 6.

17        Emil first presented this claim in state court in his second state habeas action.

18   *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 51-55.  Emil again

19   presented this claim in state court in his third state habeas action.  *See* Petition for Writ

20   of Habeas Corpus, Respondents' Exhibit 25, pp. 103-07.  As is discussed above,

21   however, Emil's second and third state habeas actions were ruled barred under

22   adequate and independent Nevada procedural rules.

23        As Emil raised this claim in state court only in his second and third state habeas

24   actions, it is procedurally defaulted, and is subject to denial on that ground.

25             **15.   Claim 15**

26        In Claim 15, Emil claims that "[e]xtensive prosecutorial misconduct and

27   overreaching distorted the fact-finding process, rendered the trial fundamentally unfair

28   ..." and violated his federal constitutional rights.  Third Amended Petition, p. 55.

1    Emil did not raise this claim on his direct appeal or in his first state habeas action.

2  *See* Respondents' Exhibits 3A, 3C, 5, 6.

3    Emil first presented this claim in state court in his second state habeas action.

4  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 55-59.  Emil again

5  presented this claim in state court in his third state habeas action.  *See* Petition for Writ

6  of Habeas Corpus, Respondents' Exhibit 25, pp. 107-11. As is discussed above,

7  however, Emil's second and third state habeas actions were ruled barred under

8  adequate and independent Nevada procedural rules.

9    As Emil raised this claim in state court only in his second and third state habeas

10  actions, it is procedurally defaulted, and is subject to denial on that ground.

11        **16.    Claim 16**

12    In Claim 16, Emil claims that his federal constitutional rights were violated

13  because "[t]he trial court refused to record significant portions of trial which denied Mr.

14  Emil meaningful appellate review...."  Third Amended Petition, p. 58.

15    Emil did not raise this claim on his direct appeal or in his first state habeas action.

16  *See* Respondents' Exhibits 3A, 3C, 5, 6.

17    Emil first presented this claim in state court in his second state habeas action.

18  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 60-61.  Emil again

19  presented this claim in state court in his third state habeas action.  *See* Petition for Writ

20  of Habeas Corpus, Respondents' Exhibit 25, pp. 112-14.  As is discussed above,

21  however, Emil's second and third state habeas actions were ruled barred under

22  adequate and independent Nevada procedural rules.

23    As Emil raised this claim in state court only in his second and third state habeas

24  actions, it is procedurally defaulted, and is subject to denial on that ground.

25        **17.    Claim 17**

26    In Claim 17, Emil claims that his federal constitutional rights were violated

27  because "[a]ppellate counsel rendered ineffective assistance."  Third Amended Petition,

28  p. 60.  Emil claims that his appellate counsel "unreasonably failed to litigate the facts

1  and legal issues enunciated [in] claims No. 6 through 8, part of 11 and 12 through 16
2  and 18...." *Id.*

3  Emil did not raise any such claim on his direct appeal or in his first state habeas
4  action. *See* Respondents' Exhibits 3A, 3C, 5, 6.

5  Emil first presented this claim in state court in his second state habeas action.
6  *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 13, pp. 61-62. Emil again
7  presented this claim in state court in his third state habeas action. *See* Petition for Writ
8  of Habeas Corpus, Respondents' Exhibit 25, pp. 114-16. As is discussed above,
9  however, Emil's second and third state habeas actions were ruled barred under
10  adequate and independent Nevada procedural rules.

11  As Emil raised this claim in state court only in his second and third state habeas
12  actions, it is procedurally defaulted, and is subject to denial on that ground.

13  **18.  Claim 18**

14  In Claim 18, Emil claims that "[t]he trial court's admission of hearsay violated the
15  federal constitutional guarantees of due process, effective assistance of counsel, right
16  to confrontation and cross-examination." Third Amended Petition, p. 61.

17  Emil did not raise any such claim on his direct appeal, in his first state habeas
18  action, or in his second state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6,
19  13.

20  Emil presented this claim in state court in his third state habeas action. *See*
21  Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 117-19. As is
22  discussed above, however, Emil's third state habeas action was ruled barred under
23  adequate and independent Nevada procedural rules.

24  As Emil raised this claim in state court only in his third state habeas action, it is
25  procedurally defaulted, and is subject to denial on that ground.

26  **19.  Claim 19**

27  In Claim 19, Emil claims that his federal constitutional rights were violated
28  because his trial counsel rendered ineffective assistance because "[t]rial counsel failed

37

1   to challenge the testimony of Ken Bono with the testimony of Dr. Green...."   Third

2   Amended Petition, p. 62.

3   Emil did not raise any such claim on his direct appeal, in his first state habeas

4   action, or in his second state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6,

5   13.

6   Emil presented this claim in state court in his third state habeas action. *See*

7   Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 120-22. As is

8   discussed above, however, Emil's third state habeas action was ruled barred under

9   adequate and independent Nevada procedural rules.

10   As Emil raised this claim in state court only in his third state habeas action, it is

11   procedurally defaulted, and is subject to denial on that ground.

12   **20.   Claim 20**

13   In Claim 20, Emil claims that his federal constitutional rights were violated

14   because "[t]rial counsel rendered ineffective assistance by not preparing for, or

15   presenting evidence at, the sentencing hearing...."   Third Amended Petition, p. 64.

16   Emil did not raise any such claim on his direct appeal, in his first state habeas

17   action, or in his second state habeas action. *See* Respondents' Exhibits 3A, 3C, 5, 6,

18   13.

19   Emil presented this claim in state court in his third state habeas action. *See*

20   Petition for Writ of Habeas Corpus, Respondents' Exhibit 25, pp. 122-72. As is

21   discussed above, however, Emil's third state habeas action was ruled barred under

22   adequate and independent Nevada procedural rules.

23   As Emil raised this claim in state court only in his third state habeas action, it is

24   procedurally defaulted, and is subject to denial on that ground.

25   **21.   Claim 21**

26   Claim 21 is a cumulative error claim. Third Amended Petition, p. 83. Emil

27   incorporates all his other claims into Claim 21, and claims that "[s]hould this Court

28   ///

refuse prejudice from any single error, then this Court must review prejudice from all error collectively." *Id.* at 84.

This cumulative error claim is not subject to denial based on the procedural default doctrine, but, rather, is viable, with respect to the procedural default doctrine, to the extent that Emil asserts multiple claims that are not barred by that doctrine (the parts of Claim 4 not barred by the procedural default doctrine).

**C.    Conclusion Regarding Application of Procedural Default Doctrine**

The following of Emil's claims are barred by the procedural default doctrine, and are subject to denial on that basis:   Claims 1, 2, 3, 4 (to the extent based on trial counsel's alleged failure cross-examine Victor Gramrosa for bias and alleged failure to collect Lefevre's jail records prior to trial), 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20.

**V.    CONCLUSION**

Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 are all subject to denial based on the statute of limitations or the procedural default doctrine, or both.

As Emil presents no procedurally viable claims, his cumulative error claim, Claim 21, fails, and is subject to denial as well.

As all of Emil's claims are subject to denial on procedural grounds, the Court does not reach the merits of any of Emil's claims.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).  Where claims are denied on procedural grounds, the Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

1    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S.

2    322 (2003); *James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).  The Court has

3    considered the procedural issues addressed in this order, with respect to whether they

4    satisfy the standard for issuance of a certificate of appeal, and the Court determines

5    that none do.  The Court will deny Emil a certificate of appealability.

6         It is therefore ordered that petitioner's third amended petition for writ of habeas

7    corpus (dkt. no. 49) is denied.

8         It is further ordered that petitioner is denied a certificate of appealability.

9         It is further ordered that the Clerk shall enter judgment accordingly.

10

11   DATED THIS 20th day of February 2014.

12

13                                              MIRANDA M. DU
                                               UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28