UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY EMIL, | Case No. 3:02-cv-00311-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

## I.   INTRODUCTION

In this habeas corpus action brought by Nevada prisoner Rodney Emil, the Court, on February 20, 2014, denied Emil's petition, ruling that all the claims in his third amended petition (dkt. no. 49) are barred by either the statute of limitations or the procedural default doctrine, or both. (Dkt. no. 85.)

On March 20, 2014, Emil filed a motion to alter or amend judgment (dkt. no. 87), pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to reconsider certain aspects of the February 20, 2014, order. On April 15, 2014, respondents filed an opposition to that motion (dkt. no. 90). Emil filed a reply on May 6, 2014 (dkt no. 95).

The Court will grant Emil's motion to alter or amend judgment in part, and will deny it in part. The Court will alter and amend the February 20, 2014, order, and resulting judgment, in that certain claims denied in the February 20, 2014, order on both statute of limitations and procedural default grounds will be denied on only statute of limitations grounds. In all other respects, the motion will be denied.

Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend a judgment to be made within twenty-eight (28) days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters, Inc.*, 229 F.3d at 890 (emphasis in original).

## II.     PROCEDURAL DEFAULT

In its February 20, 2014, order, the Court ruled the following of Emil's claims to be procedurally defaulted, and subject to denial on that basis: Claims 1, 2, 3, 4 (to the extent based on trial counsel's alleged failure to cross-examine Victor Gramrosa for bias and alleged failure to collect Lefevre's jail records prior to trial), 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20.  *See* dkt. no. 85 at 39.  Emil now argues, in his motion to alter or amend judgment, that the Court should consider the effect of *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), with respect to his procedural default of those claims.

Emil did not make this argument in his reply, when responding to the procedural default defense raised by respondents in their answer. *See* Answer (dkt. no. 69); Reply (dkt. no. 78). However, *Martinez* was only decided on March 20, 2012, just eight (8) days before Emil filed his reply. Therefore, under the circumstances, the Court will consider the application of *Martinez* here, on Emil's Rule 59(e) motion.

In *Martinez*, the Supreme Court announced an exception to the longstanding rule that ineffective assistance of state post-conviction counsel cannot establish cause to

///

overcome a procedural default. *See Martinez*, 132 S.Ct. at 1315. The Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. "[T]o establish 'cause' to overcome procedural default under *Martinez*, a petitioner must show: (1) the underlying ineffective assistance of trial counsel claim is 'substantial'; (2) the petitioner was not represented or had ineffective counsel during the [state post-conviction] proceeding; (3) the state [post-conviction] proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding." *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir.2014) (citing *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013)).

In *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir.2013), the Ninth Circuit Court of Appeals held that "*Martinez* applies to the failure to raise not only a claim of trial-counsel [ineffective assistance of counsel], but also a claim of appellate-counsel [ineffective assistance of counsel]." *Nguyen*, 736 F.3d at 1289; *see Hurles v. Ryan*, 752 F.3d 768, 781 (9th Cir.2014). *Martinez* has not, however, been extended beyond claims of ineffective assistance of trial or appellate counsel.

Emil's citation to *Martinez*, and his claim that ineffective assistance of his state post-conviction counsel is cause for the procedural default of the ineffective assistance of counsel claims in his third amended petition, calls into question the Court's procedural default rulings regarding the following claims: the ineffective assistance of counsel claims in Claim 4 relative to the cross-examination of Victor Gramrosa and relative to Michael Stewart Lefevre's jail records; all of Claim 5; all of Claim 6; the ineffective assistance of counsel claims in Claim 7; the ineffective assistance of counsel claims in Claim 8; the ineffective assistance of counsel claims in Claim 9; the ineffective assistance of counsel claims in Claim 10; the ineffective assistance of counsel claims in

Claim 11; the ineffective assistance of counsel claims in Claim 12; the ineffective assistance of counsel claims in Claim 13; the ineffective assistance of counsel claims in Claim 14; the ineffective assistance of counsel claims in Claim 15; the ineffective assistance of counsel claims in Claim 16; all of Claim 17; the ineffective assistance of counsel claims in Claim 18; all of Claim 19; and all of Claim 20.[1]

The Court has reexamined respondents' answer and Emil's reply, in light of *Martinez*, and determines that the briefing is insufficient for the court to now adequately address the question whether Emil's state post-conviction counsel was ineffective for failing to raise Emil's ineffective assistance of counsel claims, or whether those claims are substantial. As the Court denied each of Emil's ineffective assistance of counsel claims not just on procedural default grounds, but also on limitations grounds, the Court determines that it need not now call for further briefing, and need not now address the question of the application of *Martinez* to the procedural default of those claims; the Court declines to do so.

The Court amends and alters its February 20, 2014, order, and the resulting judgment, as follows: the denial of Emil's ineffective assistance of counsel claims is solely upon limitations grounds; the Court does not rule those claims to be procedurally defaulted. This ruling is without prejudice to respondents' procedural default defense, with respect to Emil's ineffective assistance of counsel claims. The question of the application of *Martinez,* that is, whether Emil can overcome the potential procedural default of his ineffective assistance of counsel claims by showing ineffective assistance of state post-conviction counsel, is left for further litigation, if and when that becomes necessary.

## III.   EQUITABLE TOLLING

In its February 20, 2014, order, the Court ruled the following of Emil's claims to be barred by the statute of limitations, and subject to denial on that basis: Claims 4, 5,

---

[1] In this order, the Court refers to these claims, collectively, as Emil's "ineffective assistance of counsel claims."

4

6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. *See* dkt. no. 85 at 17. In his motion to alter or amend judgment, Emil makes new arguments that he is entitled to equitable tolling, and he requests the Court to reconsider that ruling.

Emil has made no showing that his new arguments regarding equitable tolling could not reasonably have been made previously, in his reply to respondents' answer, for example. The Court, therefore, denies this part of Emil's motion primarily for that reason. *See Kona Enters, Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

Moreover, and in the alternative, the Court has examined the new arguments for equitable tolling in Emil's motion to alter or amend judgment, and finds them to be without merit.

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of equitable tolling is "highly fact-dependent.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003) (*quoting Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).

In the February 20, 2014 order, the Court's ruling that Emil was not entitled to equitable tolling was as follows:

> Emil argues that he is entitled to equitable tolling. He argues, in this regard, that he was misled by Ninth Circuit precedent regarding the application of Federal Rule of Civil Procedure 15(c) in habeas cases. Reply (dkt. no. 78), pp. 28-30. The Ninth Circuit precedent that Emil alleges was misleading is the Ninth Circuit Court of Appeals' decision in the *Mayle* case itself: *Felix v. Mayle*, 379 F.3d 612 (9th Cir.2004), reversed in *Mayle v. Felix*, 545 U.S. 644 (2005). Emil argues that "[u]nder the Ninth Circuit test set forth in *Mayle*, Emil was entitled to expect that the claims he diligently pursued and prepared in his First Amended Petition would relate back to his pro per petition, because these additional claims involved the same 'transaction or occurrence' as that set forth in the original petition — Emil's conviction and sentence." Reply, p. 29. But that argument is plainly without merit; the Ninth Circuit Court of Appeals did not decide *Felix v. Mayle* until August 9, 2004, some seven (7) years after the expiration of the limitations period applicable to Emil's federal habeas

5

> petition. To the extent that Emil points to non-habeas precedent in the Ninth Circuit, and claims he was misled by that (*see* Reply, p. 28), his argument is not compelling. Emil cites no authority holding that such precedent misled habeas petitioners with respect to the operation of the AEDPA statute of limitations, such that equitable tolling is warranted.
>
> Emil also argues that he is entitled to equitable tolling on account of this Court's scheduling orders, or on account of the respondents' adherence to and litigation under those scheduling orders (*see* Reply, pp. 25-30). That argument is also without merit. Emil has not pointed to anything in any order of this Court suggesting that claims filed after the expiration of the AEDPA limitations period would be considered timely.

Dkt. no. 85 at 7.

In his motion to alter or amend judgment, Emil cites *Nedds v. Calderon*, 678 F.3d 777, 778 (9th Cir.2012), for the proposition that "a petitioner is entitled to equitable tolling when he relied upon then-existing Ninth Circuit precedent which, if still applicable, would have rendered petitioner's federal habeas petition timely when ultimately filed." *See* dkt. no. 87 at 3. The Court has no quarrel with that proposition. The shortcoming of Emil's argument, however, is that he has not shown the existence of any then-existing Ninth Circuit precedent that he relied upon when the AEDPA limitations period expired on April 24, 1997.

Emil cites *Barrett v. Yearwood*, 63 F.Supp.2d 1245 (E.D.Cal.1999), *Evans v. Hickman*, 109 F.Supp.2d 1233 (C.D.Cal.2000), and *Petrick v. Martin*, 236 F.3d 624 (10th Cir.2001), arguing that "it was the position of many courts that the pendency of a federal habeas petition tolled the one year statute of limitations enunciated in 28 U.S.C. section 2244(d)(2)." Dkt. no. 87 at 4. Emil argues that, because he relied on such precedent, he "is entitled to equitable tolling as to all of his claims until August 22, 2000, when the Ninth Circuit Court published *Jimenez v. Rice* [222 F.3d 1210 (9th Cir.2000)]." *Id.* However, *Barrett*, *Evans*, and *Petrick* were all decided long after the statute of limitations expired in April 1997 (and, obviously, *Petrick* is a Tenth Circuit case).

Emil goes on to argue that he is entitled to equitable tolling because of Ninth Circuit precedent regarding the relation back of claims in an amended habeas petition to claims in a previously-filed petition. Dkt. no. 87 at 4. This is essentially the same argument Emil made before, then based on *Felix v. Mayle*, 379 F.3d 612 (9th Cir.

6

2004). Now Emil cites: *Anthony v. Cambra*, 236 F.3d 568 (9th Cir.2000); *James v. Pliler*, 269 F.3d 1124 (9th Cir.2001); and *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir.2003), Ninth Circuit decisions in 2000, 2001, and 2003. *Id.* at 4-5. But just as with *Felix v. Mayle*, those cases were decided long after Emil's limitations period expired on April 24, 1997.

Emil makes no colorable showing that when his limitations period ran out he was relying upon Ninth Circuit precedent that was later overturned by the Supreme Court. *See Nedds*, 678 F.3d at 781.[2]

## IV. CERTIFICATE OF APPEALABILITY

In his motion to alter or amend judgment, Emil argues that the Court should issue a certificate of appealability. *See* Motion to Alter or Amend Judgment, pp. 7-9.

With respect to the application of *Martinez* to the procedural default of Emil's ineffective assistance of counsel claims, the Court does alter and amend its order, to specify that those claims are denied solely on statute of limitations, and not also on procedural default grounds. Therefore, the Court need not grant a certificate of appealability with respect to the application of *Martinez*.

With respect to Emil's claim that he is entitled to equitable tolling of the statute of limitations, the Court finds that Emil has added no significant weight to his argument that, when the limitations period expired, he was relying on Ninth Circuit precedent that was later overturned by the Supreme Court.[3] It remains the Court's view that jurists of

---

[2] The Court does not consider the arguments made by Emil for the first time in his reply to respondents' opposition to his motion to alter or amend judgment. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir.2010) ("arguments raised for the first time in a reply brief are waived").

[3] Emil's argument based on the unreported March 23, 2012 order in *Sherman v. Baker*, 2:02-cv-01349-LRH-VCF (Exhibit A to Emil's reply in support of his motion (dkt. no. 95)) was made for the first time in his reply. Moreover, the equitable tolling in *Sherman* was based on a "combination of unique circumstances that, when considered together, justify equitable relief" (page 6 of the order), including the court's failure to properly screen the initial petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, circumstances not present in this case. Furthermore, the timing in the *Sherman* case was significantly different; the petitioner in that case received equitable tolling as a result of his reliance on the 2004 Ninth Circuit decision in *Felix v. Mayle*, 379 F.3d 612 (9th Cir. 2004). The 2012 order in the *Sherman* case does not indicate that reasonable jurists would find debatable the procedural issue in this case.

reason would not find debatable the equitable tolling issue in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322 (2003); *James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).

**V.    CONCLUSION**

It is therefore ordered that petitioner's motion to alter or amend judgment (dkt. no. 87) is granted in part and denied in part.

The Court's February 20, 2014, order is altered and amended, in that the following claims in Emil's third amended petition for writ of habeas corpus are denied only on statute of limitations grounds, and not on both statute of limitations and procedural default grounds: the ineffective assistance of counsel claims in Claim 4 relative to the cross-examination of Victor Gramrosa and relative to Michael Stewart Lefevre's jail records; all of Claim 5; all of Claim 6; the ineffective assistance of counsel claims in Claim 7; the ineffective assistance of counsel claims in Claim 8; the ineffective assistance of counsel claims in Claim 9; the ineffective assistance of counsel claims in Claim 10; the ineffective assistance of counsel claims in Claim 11; the ineffective assistance of counsel claims in Claim 12; the ineffective assistance of counsel claims in Claim 13; the ineffective assistance of counsel claims in Claim 14; the ineffective assistance of counsel claims in Claim 15; the ineffective assistance of counsel claims in Claim 16; all of Claim 17; the ineffective assistance of counsel claims in Claim 18; all of Claim 19; and all of Claim 20. In all other respects, the motion to alter or amend judgment is denied.

DATED THIS 2nd day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE